Filed 9/10/13  Senn v. Princess Cruise Lines CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| DENNIS SENN et al., | B244101 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. PC048226) |
| v. | |
| PRINCESS CRUISE LINES, LTD., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Melvin D. Sandvig, Judge.  Affirmed.

Weber & Baer, Jonathan S. Weber, Andrew L. Treger, and Eric G. Rudin for Plaintiffs and Appellants.

Maltzman & Partners, Jeffrey B. Maltzman, Teresa C. Senior, and Heather F. Lunn for Defendant and Respondent.

_____

Plaintiff Dennis Senn (Dennis) suffered injuries when using a mobility scooter on a ramp on a cruise ship owned and operated by defendant Princess Cruise Lines, Ltd. (Princess). In an effort to recover damages for his injuries, Dennis and his wife, plaintiff Eva Senn, brought this action for damages against Princess for general negligence, premises liability, and loss of consortium. Princess moved for summary judgment, and the trial court granted Princess's motion. Plaintiffs appeal, contending that a triable issue of fact exists as to whether (1) the ramp on which Dennis fell constitutes a dangerous condition, and (2) Princess had knowledge of the allegedly dangerous condition.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Parties*

Dennis suffers from a degenerative spinal condition, ankylosing spondylitis, and, as a result, depends upon a motorized wheelchair or mobility scooter for travel. Princess operates the Star Princess cruise ship. But, Princess did not participate in the design or construction of the Star Princess.

*Dennis Rented a Mobility Scooter*

Dennis and his wife purchased tickets to take an Alaskan cruise aboard the Star Princess. Princess does not lease mobility scooters to its passengers, but its Web site provides the contact information for companies that rent medical equipment to cruise passengers. Ultimately, Dennis leased a mobility scooter from Special Needs Group, Inc. (SNG). He specifically requested a heavy duty scooter; SNG selected a scooter and delivered it to Dennis onboard the ship.

*The Accident*

On May 31, 2009, Dennis and his wife boarded the cruise ship. Shortly after boarding the ship, Dennis received his mobility scooter (without a manual) and began using it. He went down a hallway, used an elevator, and approached a double door with a ramp leading to the outside deck. When Dennis sought to negotiate the ramp, the scooter tipped over backwards, falling onto him. Dennis suffered serious injuries.

*No Prior Accidents or Complaints*

There were no prior similar accidents at the location of the accident for at least three years prior to May 31, 2009. There were no complaints by any passengers regarding tipping while using mobility scooters at the location where Dennis fell for at least three years prior to May 31, 2009.

*The Ramp*

The ramp has a 10.82 degree grade. According to plaintiffs' expert, the scope of the ramp exceeds the safe design of the scooter provided to Dennis.

*The Complaint*

Plaintiffs initiated this action on May 10, 2010. The second amended complaint (SAC), which is the operative pleading, alleges four causes of action against Princess: general negligence, premises liability, products liability, and loss of consortium. In essence, the SAC alleges that Princess was negligent in failing to provide Dennis with an adequate scooter and in failing to warn him of a dangerous condition, namely the ramp where he fell.

*The Motion for Summary Judgment*

On March 9, 2012, Princess filed a motion for summary judgment. Princess argued that plaintiffs' claims for negligence and premises liability failed because there was no evidence that Princess had notice of the alleged dangerous condition. In addition, Princess averred that it had no notice that Dennis was using a scooter that was inadequate for him and unable to transport him safely. Moreover, with respect to the products liability claim, Princess asserted that there is no agency relationship between SNG and Princess; as such, Princess could not be liable for products liability. Finally, Princess contended that it could not be liable for any design defects with respect to the ramp because it did not design or construct the ramp.

Plaintiffs opposed Princess's motion. They argued, inter alia, that Princess had actual notice of the alleged dangerous condition and failed to either correct it or warn Dennis of its existence. Moreover, because Princess was responsible for the design of its ship, it could be held liable for negligent design.

After entertaining oral argument, the trial court granted Princess's motion. First, it found that there was no evidence that Princess was SNG's agent. As such, Princess had no duty "to be aware of the limitations of every mobility device used by every potential passenger and/or to warn of all such limitations." It follows that Princess could not be liable for negligence.

Next, with respect to plaintiffs' premises liability cause of action, the trial court found that Princess "did not have notice, actual or constructive, of the purported dangerous condition." Absent notice, Princess could not be liable for premises liability.

Alternatively, the trial court determined that it was undisputed that Princess did not build or design the subject ramp; that ramp was designed and constructed by the shipyard from which Princess purchased the vessel. Because a ship owner is only liable for an alleged design or construction defect onboard its ship if he actively participated in the design or construction of the alleged defect, Princess could not be liable to plaintiffs.

Judgment was entered, and plaintiffs' timely appeal ensued.

## DISCUSSION

### I. *Standard of review*

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's decision de novo." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

We review the trial court's evidentiary rulings for abuse of discretion. (*Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1322.)

### II. *Princess is entitled to judgment*

According to their appellate briefs, plaintiffs theorize that Princess is liable for Dennis's injuries because the ramp constituted a dangerous condition on the ship and Princess had notice of that allegedly dangerous condition.

Assuming, without deciding, that the ramp constituted a dangerous condition, plaintiffs' claims against Princess fail. In order for a defendant to be liable for an allegedly dangerous condition, the defendant must have "had notice, either actual or

4

constructive, of the danger or risk of harm." (*Meyer v. Carnival Cruise Lines, Inc.* (N.D.Cal. Dec. 29, 1994, No. C-93-2383-MH) 1994 U.S.Dist. Lexis 21431, *17.) Here, it is undisputed that Princess did not have notice that the ramp constituted a dangerous condition. There were no prior similar accidents at the location of the accident for at least three years prior to May 31, 2009. There were no complaints by any passengers regarding tipping while using mobility scooters at the location where Dennis fell for at least three years prior to May 31, 2009.

Plaintiffs purport to dispute the foregoing evidence by directing us to a posting on the Web site cruisereviews.com. But, as the trial court found, the posting is nothing more than "inadmissible evidence of an unauthenticated [Web site] posting relating to a different ship and different ramp. [And, even] if this information were not inadmissible, the [Web site] posting proffered by [plaintiffs] does not indicate that Princess was ever aware of this purported other accident." Thus, we readily conclude that the trial court did not abuse its discretion in disregarding this evidence.

Plaintiffs further attempt to create a triable issue of fact by relying upon the Access Board of the U.S. Department of Transportation DRAFT Passenger Accessibility Guidelines. But, as plaintiffs' expert acknowledges and as conceded in plaintiffs' opening brief, these guidelines "were only proposed"; "the final version [has] not yet [been] published for implementation." It follows that we find no abuse of discretion in the trial court's rejection of this evidence on the grounds that (1) the guidelines were never enacted; and (2) even if enacted, they would only apply to new construction of ships.

Plaintiffs also attempt to manufacture a triable issue of fact by pointing us to the "applicable standards for land-based construction." As aptly noted in the trial court's order granting Princess's motion for summary judgment, "land[-]based ADA [Americans with Disabilities Act] construction standards do not apply to cruise ships." And, while plaintiffs' expert opined that the land-based guidelines are instructive, the trial court sustained Princess's objections to those portions of plaintiffs' expert's declaration. The proffered evidence was rendered inadmissible, and on appeal plaintiffs do not challenge

5

the trial court's evidentiary ruling. Thus, plaintiffs have not demonstrated how the trial court abused its discretion.

It follows that we reject plaintiffs' effort to liken this case to *Galentine v. Holland America Line-Westours, Inc.* (W.D.Wash. 2004) 333 F.Supp.2d 991 (*Galentine*). In *Galentine*, a passenger on a cruise ship was injured when he walked through a set of automatic sliding doors. (*Id*. at p. 993.) The district court denied the cruise ship's motion for summary judgment on the grounds that there were disputed facts as to whether the sliding doors operated according to the manufacturer's installation manual or according to industry standards. (*Id*. at p. 997.) But, in that case, the ship's chief electrician inspected the sliding doors on the ship weekly to determine whether it was necessary to adjust the settings. (*Ibid*.) In contrast, in our case, the ramp is static; Princess had no involvement in adjusting the ramp's angle of incline.[1]

The *Galentine* court also found disputed evidence concerning whether there had been any prior incidents in which sliding doors struck passengers or crew members. (*Galentine*, *supra*, 333 F.Supp.2d at p. 998.) As noted above, there is no evidence here of any prior accidents on the subject ramp.

*Cook v. Royal Caribbean Cruises, Ltd.* (S.D.Fla. May 15, 2012, No. 11-20723-Civ-Goodman) 2012 U.S.Dist. Lexis 67977 (*Cook*) does not compel a different result. In *Cook*, "evidence of non-binding industry standards [regulations regarding the volume of the ship's whistle] was admitted to establish the standard of care." (*Mirza v. Holland Am. Line Inc.* (W.D.Wash. Nov. 6, 2012, No. C11-1971-MJP) 2012 U.S.Dist. Lexis 159982, *10 (*Mirza*).) But, *Cook* does "not stand for the proposition that industry standards establish actual or constructive knowledge of a risk-creating condition." (*Mirza*, *supra*, at p. *10.) In other words, plaintiffs' reliance upon *Cook* for the premise that the

---

[1]    In a similar vein, the fact that Jan Tuck, the manager of Access Compliance for Princess, traversed the subject ramp does not mean that Princess had notice of an allegedly dangerous condition.

6

proposed guidelines and/or the land-based standards establish that Princess knew or should have known that the subject ramp constituted a dangerous condition is misplaced.

Finally, plaintiffs claim that Princess is liable for referring Dennis to SNG, who allegedly was negligent for failing to provide Dennis with an adequate scooter and with a manual regarding the use of the scooter that SNG supplied. According to plaintiffs' reply brief, Princess "could" have inquired as to which scooters were safe and "could" have requested user manuals. Aside from the fact that this argument rests largely upon speculation, it is unsupported by any legal authority; therefore, we may treat it as waived. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

## DISPOSITION

The judgment is affirmed. Princess is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
               ASHMANN-GERST

We concur:


_____, P. J.
    BOREN


_____, J.*
    FERNS

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.